UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Ever A. Rojas, et al.,

        Plaintiffs

v.

J.B. Hunt Transport Inc., et al.,

        Defendants

Case No. 2:25-cv-01196-CDS-NJK

**Order Remanding Case**

    This negligence and negligent hiring action arises out of an underlying motor vehicle accident that was removed from the Eighth Judicial District Court by defendant J.B. Hunt Transport, Inc. under 28 U.S.C. §§ 1332 and 1441.[1] On July 22, 2025, United States Magistrate Judge Nancy J. Koppe issued an order to show cause requiring defendants to explain why this action should not be remanded for lack of subject-matter jurisdiction. Order, ECF No. 8. Judge Koppe noted that the amount in controversy fell drastically short of the statutorily required $75,000 because plaintiff Ever Rojas incurred only $11,976.45 in medical bills.[2] J.B. Hunt filed an untimely response. ECF No. 10. The only summary-judgment-type evidence that J.B. Hunt proffers to support its assertion that the amount in controversy is satisfied is Rojas's settlement demand letter. *Id.*; *see also* ECF No. 1-2.

---

[1] The court notes that J.B. Hunt's removal did not address the second named defendant, Lawrence Izenberg. "Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties." *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986)); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006) ("[A]ll defendants must agree to removal."). "This general rule applies, however, only to defendants properly joined and served in the action." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (noting "a party not served need not be joined" in a petition for removal). It appears that perhaps Izenberg falls into the "non-served defendant" exception to the general rule that all defendants must agree to removal.

[2] Neither party presents evidence regarding potential damages related to plaintiff Clara Cano.

"A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). J.B. Hunt relies on Rojas's claims of "ongoing pain, diminished quality of life, and future suffering" and Rojas's seeking the policy limits of its insurance policy to establish that it has met the jurisdictional threshold. ECF No. 10 at 2; ECF No. 1-2. Yet J.B. Hunt has not shown that Rojas's policy limits demand was a reasonable estimate of his claim, particularly considering that his demand includes a "formal[ ] request that you advise this office of your insured's policy limits." ECF No. 1-2. Rojas's blanket demand for the policy limits—which were apparently unknown to him at the time of the demand—reflects a lack of reasonableness in his estimation of his damages. The court need not accept the figure set forth in the settlement demand if it does not reflect a "reasonable estimate" of the plaintiff's claims. *Cohn*, 281 F.3d at 839. Additionally, although J.B. Hunt speculates that "it would have been well-known to Plaintiff . . . that J.B. Hunt had insurance proceeds well over the $75,000 amount in controversy," ECF No. 10 at 3, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

Finally, J.B. Hunt contends that Rojas has not withdrawn, disclaimed, or qualified his demand; nor has he submitted any evidence to limit or contradict the settlement valuation. ECF No. 10 at 3. Though Rojas has not disavowed his demand, he was not even aware of the amount of J.B. Hunt's policy limits when he made the demand. Given the low amount of medical bills, and that J.B. Hunt has presented no evidence of other damages, such as lost wages, I find it unlikely that the amount in controversy exceeds the threshold. J.B. Hunt has not met its burden of establishing by a preponderance of the evidence that the amount-in-controversy exceeds $75,000, therefore this action is remanded.

### Conclusion

It is hereby ordered that this action is remanded to state court. The Clerk of Court is kindly directed to remand Case No. A-25-920801-C to the Eighth Judicial District Court, Department 15, and to close this case.

It is further ordered that the magistrate judge's order to show cause **[ECF No. 8] is discharged**.

Dated: August 7, 2025

_____
Cristina D. Silva
United States District Judge